UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RICHARD PHILLIPS,

               Plaintiff,                            Case No. 16 CV 8554

             -against-

AMY SCHREIBER, INC. and 672 NINTH AVE LLC,          **COMPLAINT**

               Defendants.
_____

      Plaintiff, RICHARD PHILLIPS, (hereinafter the "Plaintiff"), by and through his counsel, Donald J. Weiss, Esq., hereby files this Complaint and sues AMY SCHREIBER, INC. ("Amy"), a domestic corporation, and 672 NINTH AVE LLC, a domestic limited liability company (the "Owner"; Amy and the Owner being hereinafter collectively known as "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

### <u>JURISDICTION AND PARTIES</u>

      1.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

      2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

      3.      The premises where the events which gave rise to this lawsuit is known as 672 Ninth Avenue, New York, New York (the "Property").

      4.      Venue is proper in this Court as the Property is located in New York County.

5.      The Defendants are conducting, business within the State of New York.

6.      Upon information and belief, Amy is the operator and/or owner of retail food establishments at the Property known as Amy's Bread and The Pantry (hereinafter, collectively, the "Bakery").

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Bakery is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8.      The Owner is the owner of the Property where the Bakery is located.

9.      The Owner allows and permits the Bakery to occupy the Property pursuant to a written agreement.

10.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Property is a public accommodation covered by the ADA and which must be in compliance therewith.

11.     The remedies provided by the NYSHRL and the NYCHRL against discrimination are not exclusive and state and city administrative remedies need not be exhausted in connection with suits brought under the ADA.

12.     The Plaintiff, a former member of US special forces, became incapacitated due to an automobile accident in 2004.   As a result, Plaintiff utilizes a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the Title III of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the City and State of New York.

**FACTS**

13.      Plaintiff lives near the Bakery and would like to purchase some of the highly

regarded items but he refuses to spend his money at businesses which are not accessible.

14.     Plaintiff last passed by the Bakery wishing to go in and make a purchase on November 1, 2016 but he was deterred from doing so as a result of the architectural barriers at the entrances.

15.     One of the entrances to the Bakery is totally inaccessible and the other has a sloped piece of concrete which does not comply with the ADA, as more fully detailed below.

16.     Defendants' violations impede upon Plaintiff's right to travel free of discrimination.

17.     Plaintiff often patronizes shops and restaurants in the area where the Property is located and he will go to the Bakery once the barriers to his entry and enjoyment of the facilities have been removed (such barriers are shown in the annexed Exhibit A).

18.     Prior to commencement of this action, an investigation of the Bakery was conducted, which revealed the following, including the statutory barriers[1] cited (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

The Bakery is located midblock on Ninth Avenue between West 46 and West 47 Streets. There are two entrances to the Bakery (Exhibit A), one to an area with food displays, counters and tables and chairs, where patrons may order and then sit and eat, and the other to the space designated as "The Pantry", which primarily sells Amy's products.  There is a 5.5 inch rise at the door to the eat-in space which prevents the Plaintiff making an independent entry.  The Pantry has a sloped piece of cement which presents a hazard to Plaintiff as the slope creates a dangerous angle for a patron in a mechanized wheelchair.   The doors have round knobs, which are difficult

---

[1] All of the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design and are noted for reference to existing barriers and what remediation is necessary, not as violations of those statutes.

for individuals with limited hand mobility as they requires tight grasping, pinching and twisting of the wrist.  There are no ADA compliant tables in the eat-in portion of the Bakery.  All of the tables are "peg leg" style which do not have the required height or clear floor space to allow the Plaintiff to pull up under the table and have room for his legs and feet.

The following is noted:

a)  The handles on the entrance doors require tight grasping and twisting of the wrist for people with limited hand mobility.  The knobs should be replaced with lever type handles which can be operated with one hand (309.4).

b)  While in his wheelchair the Plaintiff is unable to navigate the step at the door to the eat-in area.  The step creates a rise within the maneuvering clearance at the entrance.  This means there is no accessible route and prevents Plaintiff from entering (201.1, 206.2.1, 206.4, 402, 404).

c)  The slope of the "ramp" at the entrance to The Pantry exceeds 1:8 and is not safe for patrons in wheelchairs (405.2).

d)  The entry doors are situated within a 24 inch recess, but there is no 36 inch door provided with an 18 inch space on the pull side to allow the independent entry of persons using wheelchairs for mobility (404.1, 404.2.3, 404.2.4.1).

e)  Any rises over ½ inch within an accessible route are required to be ramped so that a person in a wheelchair is not prevented from entering (206.4, 303.4, 402.1, 402.2, 403.4, 404 and 405.1).

f)  There are no accessible means of egress (207).

g)  As a result of the 5.5 inch rise at one of the doors, there is no accessible route to the eat-in area.  Defendants must furnish an accessible route to the dining area (206.2.5, 305,

902.1).

h) Defendants fail to offer accessible seating/tables in the dining area that would allow both a 30 inch wide clear space, deep enough for the Plaintiff to pull up in his chair, beneath a table, and a 30 x 48 space for his chair to sit without obstructing the path of other patrons (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902).

19.    Defendants failed to remove the barriers complained of, even though it is readily achievable to do so (42 USC § 12182(2) (a)).

20.    In the alternative, there are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Bakery accessible to individuals with disabilities.  42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

## CLAIMS FOR RELIEF

### CLAIM I

### READILY ACHIEVABLE BARRIER REMOVAL

21.    It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 18.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

22.    In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 18, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

23.     By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

24.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

25.     In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

26.     The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

27.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 18.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## CLAIM V

### VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS

28.     The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

29.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

30.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.      Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B.      Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above.

C.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.      Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

F.      Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated:  November 2, 2016

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, New York 10119
(212) 967-4440

EXHIBIT A

