*Failla, K.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>December 28, 2016</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD PHILLIPS,

Plaintiff,

-against-

AMY SCHERBER, INC. and 672 NINTH AVE LLC,

Defendants.

Case No. 16 CV 8554

**CONSENT
STIPULATION**

**WHEREAS,** Plaintiff RICHARD PHILLIPS ("Plaintiff") filed a complaint in the above-caption action against defendants AMY SCHERBER, INC. ("Tenant") and 672 NINTH AVE LLC (the "Landlord"; collectively, "Defendants"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims under New York State and City laws and statutes (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the property located at 672 Ninth Avenue, New York, New York (the "Property"); and

**WHERAS,** Tenant operates a bakery at the Property owned by the Landlord; and

**WHEREAS,** Landlord has denied all allegations that it has violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the Plaintiff and the Landlord desire to settle all claims alleged herein, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED,** that this action shall be settled as follows:

1.    <u>Remedial Measures</u>.

The Landlord hereby agrees to undertake the following remedial action at the Property:

Install a permanent ramp (the "Ramp") at the entrance to the Property leading to the dining area of the Tenant bakery which would allow Plaintiff and other wheelchair bound patrons to enter the dining area of the bakery. The Ramp will be compliant with the accessibility requirements set forth in Section 405 of the 2010 ADA Standards for Accessible Design. The installation of the Ramp shall be completed within six months of the date this Stipulation is filed with the Southern District Court (the "Start Date"). The time period for the installation of the Ramp shall be subject to events beyond the control of the Landlord, such as delays in obtaining approved building or zoning permits from any governmental agency, application for which shall be filed no later than 30 days from the Start Date, failure of the any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, Landlord may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld.   Within 30 days of the installation of the Ramp, the attorney for Landlord shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Ramp;

    2.    Settlement Amount.

The parties hereto agree that monetary compensation shall be paid in resolution of all claims asserted in this action pursuant to a separate and confidential letter signed by counsel for the Plaintiff and Landlord as authorized representatives of their respective clients (such compensation being known as the "Settlement Payment"). The Settlement Payment shall be in full and complete satisfaction of all damages, fees, expenses, expert fees, and attorney's fees incurred by Plaintiff and Plaintiff's attorney in connection with all claims alleged, and all claims

that could have been alleged, by Plaintiff in the Action.

      3.      Release.

In consideration of the Landlord's obligations under this Stipulation, the Plaintiff on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

      4.      <u>Withdrawal of Action</u>.

Upon execution of this Stipulation, Plaintiff's counsel shall file a stipulation of dismissal dismissing the Action against Defendants with prejudice, in the form annexed as Exhibit A.

      5.      <u>No Admission of Liability</u>.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Landlord. Landlord acknowledges, without conceding, any infirmity in its defenses, that it is entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by

the Landlord, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6.      Fees and Expenses.

Each of the parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts required to enforce this Stipulation, or the separate letter agreement.

7.      Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that party.   All references to the Defendants herein shall be deemed to include their successors and assigns.

8.      Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9.      Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Stipulation has been negotiated by and between the parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

4

agreement executed by the parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11.    Entire Agreement.

This Stipulation sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

12.    Signatures in Counterparts.

This Stipulation may be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13.    Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
DECEMBER 22 , 2016

672 NINTH AVE LLC

RICHARD PHILLIPS

By: (Name)
Title:

5

10.   Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11.   Entire Agreement.

This Stipulation sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

12.   Signatures in Counterparts.

This Stipulation may be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13.   Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
December 26, 2016

672 NINTH AVE LLC

_____        _____
RICHARD PHILLIPS                        By: (Name) Josh Goberoh
                                        Title: Member    SO ORDERED.

                                                5

Dated:        December 28, 2016
              New York, New York

                                        Katherine Polk Failla

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE